UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE SMITH,<br><br>    Plaintiff(s),<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>    Defendant(s). | Case No.: 2:18-cv-00566-APG-NJK<br><br>**REPORT AND RECOMMENDATION** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 20. The Commissioner filed a response in opposition, Docket No. 22, and a Cross-Motion to Affirm, Docket No. 21. No reply was filed. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.  STANDARDS**

    A.  Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court

1

of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not

disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p.[1] In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.   BACKGROUND**

A.   Procedural History

On February 5, 2014, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of January 3, 2013. *See, e.g.*, Administrative Record ("A.R.") 157-58. Plaintiff's claims were denied initially on June 17, 2014, and upon reconsideration on October 14, 2014. A.R. 97-100, 104-06. On November 6, 2014, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 109-20. On April 13, 2016, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ David Gatto. *See* A.R. 59-70. On November 15, 2016, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the decision. A.R. 38-58. On January 23, 2018, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-7.

On March 28, 2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

5

B.  The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. A.R. 41-53. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018, and has not engaged in substantial gainful activity since January 2, 2013. A.R. 43. At step two, the ALJ found that Plaintiff has the following severe impairments: osteoarthritis of the right shoulder, status post injury and surgery with moderate degenerative changes; mild degenerative changes of the left shoulder; history of prostate cancer with radioactive implants; degenerative disc disease of the lumbosacral spine; left foot hallux valgus with left first MTP joint arthroplasty with joint prosthesis, and left hallux medial border matrixectomy; and obesity. A.R. 44-47. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 47. The ALJ found that Plaintiff has the residual functional capacity to perform

> sedentary work as defined by 20 CFR 404.1567(a) and 416.967(a), but with further limitations as follows: occasional climbing of stairs or ramps; no climbing of ladders, ropes, or scaffolds; occasional balancing; occasional stooping, kneeling, [and] crouching; no crawling; occasional reaching above shoulder level; with the ability to use a single-point cane while walking; and, no exposure to hazards such as heights or dangerous moving machinery.

A.R. 48-52. At step four, the ALJ found Plaintiff is capable of performing past relevant work. A.R. 52-53. Based on all of these findings, the ALJ found Plaintiff not disabled from the date of the application through the date of the decision. A.R. 53.

**III.  ANALYSIS AND FINDINGS**

Plaintiff raises a single issue on appeal, arguing that the ALJ erred in his evaluation of Plaintiff's testimony about the nature and extent of his condition. *See* Docket No. 20. The Commissioner responds that the ALJ articulated sufficient reasons, supported by substantial evidence, for discounting Plaintiff's testimony. *See* Docket No. 21. The Commissioner has the better argument.

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to his pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* SSR 16-3p. In the absence of evidence of malingering, an ALJ may only reject the individual's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning an individual's functional limitations. *See* SSR 16-3p. If an ALJ's determination to discount this testimony is supported by substantial evidence, the courts should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

Plaintiff's motion misrepresents the ALJ's reasoning for discounting his testimony, and ignores key components of that reasoning. For example, the record demonstrates that Plaintiff worked on average 60 hours per week for the year following the alleged onset date. A.R. 197-98.[2] There is also evidence in the record suggesting that Plaintiff continued to work even after that date for another several months. A.R. 514-20. The ALJ's decision includes two entire paragraphs identifying such daily activity as undermining Plaintiff's assertion of disability. *See* A.R. 51. It is proper for an ALJ to discount a claimant's testimony upon finding that he has engaged in activity that is inconsistent with the allegations of disability. *See, e.g.*, *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007). Plaintiff presents no argument on appeal that such reasoning was insufficient in this case to discount his testimony[3] and, instead, simply ignores this aspect of the ALJ's decision.

---

[2] Plaintiff chose to postpone surgery during this time period so that the recovery process would not interfere with his "active[]" work schedule. *See* A.R. 370-71.

[3] By failing to include it in his motion, Plaintiff has waived any argument that the ALJ erred in discounting Plaintiff's testimony on this basis. *See, e.g.*, *Trejo v. Colvin*, 2016 WL 6652466, at *5 (D. Nev. Oct. 13, 2016) (citing *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam) and *Rameriz v. Comm'r of Soc. Sec.*, 2012 WL 5328624, *4 (E.D. Cal. Oct. 29, 2012)), *adopted* 2016 WL 6652448 (D. Nev. Nov. 9, 2016).

Plaintiff similarly ignores the ALJ's reasoning that his testimony as to disabling symptoms is contrary to the record showing that his conditions were effectively controlled through treatment. A.R. 50.  Again, that reasoning is supported by substantial evidence, and is a proper consideration for the ALJ.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Plaintiff presents no argument on appeal that such reasoning is insufficient in this case to discount his testimony.[4]

The ALJ articulated a sufficient basis for discounting Plaintiff's testimony.

## IV. NOTICE TO PLAINTIFF'S COUNSEL

It appears Plaintiff's counsel's arguments have strayed from the merely unpersuasive into the realm of the frivolous and sanctionable.  *See* Fed. R. Civ. P. 11(b).  The Court **CAUTIONS** counsel that he is required to file briefing that properly reflects the decision made below and to present only arguments that have a reasonable basis in law and fact.

## V. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 20) be **DENIED** and that the Commissioner's Cross-Motion to Affirm (Docket No. 21) be **GRANTED**.

Dated: January 31, 2019

  
Nancy J. Koppe  
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S.

---

[4] The ALJ also discusses at length the inconsistency between Plaintiff's testimony and the objective medical record and medical opinions.  *See* A.R. 48-51.  These are also permissible considerations relied upon by the ALJ to discount Plaintiff's testimony.  *See, e.g.*, *Burch*, 400 F.3d at 681; *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

Case 2:18-cv-00566-APG-NJK   Document 23   Filed 01/31/19   Page 9 of 9

140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

9